## New York Marine Court.

*Trial Term—February,* 1882.

### WHITLOCK *against* COULTER.

Action on note given in settlement of an action in the supreme court, which the plaintiff promised to discontinue but did not. The defendant by supplemental plea to the supreme court action, pleaded the giving of the note sued upon as payment. *Held,* that he thereby affirmed the binding force of the settlement, and had no defense to the action on the note.

McADAM, J.—The real consideration for the note in suit was the debt embraced in the supreme court action, and this was settled by the delivery of said note, and the execution of an assignment of the Kiernan judgment. The agreement to discontinue the supreme court action is in the nature of an independent promise or a condition subsequent, and while an action would lie, or a counter-claim might be interposed for the breach, it is not a defense (72 *N. Y.* 616; 617; 2 *Robt.* 138; 1 *Duer,* 309).

In Bookstaver *v.* Jayne (60 *N. Y.* 146) the action was against an indorser of a note, and the sole consideration was the creditor's promise to discontinue a

pending action against the maker, instead of doing which the creditor took judgment, issued an execution, levied on the defendant's property, thereby destroying his credit and causing his failure in business. These facts were held to constitute a defense.

In the present action the defendant owed the debt represented by the note, and he was under a prior legal obligation to pay it. That case is, therefore, unlike the present. The defendant has by supplemental answer to the supreme court action pleaded this very settlement, as an accord and satisfaction of the cause of action. He has, therefore, affirmed the binding force of the settlement. The plaintiff having sued upon the note given in settlement has likewise affirmed its validity. It follows as a necessary consequence that the defendant must succeed in his defense to the supreme court action, if it ever proceeds to trial. If the defendant is allowed to succeed here also, the plaintiff will be debarred from all recovery upon the debt due, and the defendant by a mere complication of suits will be allowed to avoid a legal obligation without payment. Such a result is not permissible. The plaintiff is, therefore, entitled to judgment for $234.88, with costs.

No appeal was taken.